# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAGI MUKATIN,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPT. CORRECTIONS,<br><br>    Defendants. | CV F 06 187 LJO NEW (DLB) P<br><br>ORDER STRIKING SUPPLEMENTAL COMPLAINT FROM RECORD (Doc. 16)<br><br>ORDER GRANTING PLAINTIFF TIME TO FILE SECOND AMENDED COMPLAINT<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM. |

    Sagi Mukatin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

    Plaintiff filed the instant action on February 10, 2006, in the Sacramento Division of the Eastern District of California. The case was transferred and received in this Court on February 21, 2006. Plaintiff filed an Amended Complaint on May 12, 2006.[1]

    On March 19, 2007, Plaintiff filed a pleading titled "Supplemental Complaint." Plaintiff adds Defendants and claims to the action that arose after he initiated the instant action in an attempt to supplement the original complaint filed on February 10, 2006. However, because the Court maintains files electronically, it does not have the capability to attach documents subsequently filed to other documents previously filed in the Complaint. The appropriate manner in which to Amend a Complaint is to simply file an Amended Complaint that contains all

---

[1] Plaintiff titles the Amended Complaint as a "Supplemental Complaint" and raises claims and that arose after he initiated this action on February 10, 2006. Plaintiff also added new Defendants relating to those new claims.

1

of the named Defendants, claims and facts and not make reference or incorporate by reference other pleadings filed in the case.  The Court will grant Plaintiff the opportunity to file a Second Amended Complaint.

The Court also wishes to inform Plaintiff of the exhaustion requirement applicable to his case.  Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The Section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life.  Porter v. Nussle, 435 U.S. 516, 532 (2002).  Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated.  Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.' " Porter, 534 U.S. at 524 (*citing* Booth, 532 U.S. at 739 n. 5).  **Exhaustion must occur prior to filing suit.**  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002) (emphasis added.).  **Thus, plaintiff may not exhaust while the suit is pending.**  McKinney, 311 F.3d at 1199-1201.

Here, the claims Plaintiff attempts to add by way of a Supplemental Complaint all arose after he initiated this suit on February 10, 2006.  In fact, Plaintiff states in his First Amended Complaint filed on May 12, 2006, that since he filed this action, "all Defendants mentioned herein, have subject Plaintiff to systematic retaliatory tactics; having harassed, threatened, intimidated, stolen property ...." (Doc. 14 at 5.)  Similarly, Plaintiff's "Supplemental Complaint" submitted on March 19, 2007, names different defendants and addresses newer violations Plaintiff states have occurred since the filing of the First Amended Complaint. (Doc. 16. at 5.)  As the allegations in both the First Amended Complaint and the recently filed "Supplemental Complaint" arose after Plaintiff initiated this action, they are necessarily unexhausted, and would be dismissed from the action.  Should Plaintiff wish to pursue claims that arose after he initiated this action, he must first exhaust them administratively and then file a separate action.  Plaintiff

may not continue to add new claims as they arise to the existing action.  As stated above, exhaustion must occur *prior to* filing suit and may not occur while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002).

Should Plaintiff desire to amend his Complaint to omit any unexhausted claims, Plaintiff is informed that applicable to his case is Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a) calls for a "short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Id. at 47.

Plaintiff's original complaint here consists of approximately 200 pages and names forty-five Defendants.  These do not include the newly named Defendants named in the "Supplemental documents."  Plaintiff's Complaint, in its current form, does not meet the requirements of Rule 8(a) and in amending, Plaintiff should make every attempt to keep his allegations short and plain. In addition, in order to state a claim for relief, Plaintiff must link[2] each named Defendant to an act or omission giving rise to a constitutional violation.  In other words, Plaintiff may not simply tell a story and name several individuals leaving the Court to decide which facts go with which Defendants and which allegations may or may not rise to the level of a constitutional violation. Plaintiff's complaint must be specific, clear and brief.

Finally, Plaintiff need to not submit exhibits and evidence at this stage in the proceedings. the Court cannot serve as a repository for the parties' evidence.  Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court).   At this point, the submission of evidence is premature

---

[2]A cursory review of the Complaint shows that Plaintiff simply provides a statement of facts and then separately lists his constitutional claims but does not indicate who was involved or how they were involved such that the actions give rise to the violations alleged.

as the Plaintiff is only required to state a prima facie claim for relief.

Accordingly, the Court HEREBY ORDERS:

1. The Supplemental Complaint submitted on March 19, 2006, is STRICKEN from the record; and

2. Plaintiff is GRANTED thirty days to file a Second Amended Complaint should he wish to do so;

3. The Clerk of Court is DIRECTED to send Plaintiff a blank civil rights form.

IT IS SO ORDERED.

Dated:  **March 21, 2007**              /s/ **Dennis L. Beck**
3b142a                                   UNITED STATES MAGISTRATE JUDGE